UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------x

PAUL MOSCARELLO,

                Plaintiff,

     -against-

MALCOLM PIRNIE, INC.,

                Defendant.

---------------------------------x

ECF Case

06 CIV. 5250

Civil Action No.

JUDGE ROBINSON

COMPLAINT  
WITH JURY DEMAND

Plaintiff, **PAUL MOSCARELLO** ("Mr. Moscarello"), by his attorneys, **SAPIR & FRUMKIN LLP,** as and for his Complaint against defendant, **MALCOLM PIRNIE, INC.** ("Malcolm Pirnie") alleges as follows:

## I. NATURE OF THE CLAIMS

1. This is an action for damages and injunctive and declaratory relief caused by a) defendant's interference of Mr. Moscarello's exercise of his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2614, by terminating Mr. Moscarello during his protected medical leave of absence and failing to restore Mr. Moscarello to his position or an equivalent position following his protected medical leave of absence, in violation of Section 102 of the FMLA, 29 U.S.C. § 2615 and, b) defendant's retaliatory discharge of Mr. Moscarello in violation of the FMLA, 29 U.S.C. § 2615.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court to adjudicate plaintiffs' first and second claims is invoked pursuant to 28 U.S.C. § 1331 this being a suit authorized and instituted pursuant to FMLA, 29 U.S.C. § 2617.

3.     This Court is one of proper venue because Defendant has contacts with the Southern District of New York sufficient to subject it to personal jurisdiction if the Southern District of New York were a separate State. Accordingly, venue lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c).

### III. PARTIES

4.     Plaintiff Paul Moscarello is a male citizen of the United States and a resident of the County of Westchester in the State of New York. Plaintiff was hired on a temporary basis as a Senior Cost Accountant by defendant Malcolm Pirnie in April 2000, and was offered a permanent position in August 2000. Having been employed for at least 12 months by Malcolm Pirnie and having been employed by Malcolm Pirnie for at least 1250 hours of service during the previous 12 month period, Mr. Moscarello was an "eligible employee" of defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time he requested of defendant a leave of absence from employment.

5.     Malcolm Pirnie is an environmental consulting firm and maintains an office located at 104 Corporate Park Drive, White Plains, New York 10602. Defendant was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action in that Malcolm Pirnie was engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

### IV. FACTS UNDERLYING PLAINTIFF'S CLAIMS

6.     Mr. Moscarello was a conscientious and dependable employee for Malcolm Pirnie for approximately five and a half years. Mr. Moscarello was hired by Malcolm Pirnie in April of

2000 and brought to the company an MBA in International Finance and fourteen years of governmental regulatory work experience. Mr. Moscarello was qualified for his position.

7. Mr. Moscarello's job duties as a Senior Cost Accountant included assisting Malcolm Pirnie with its long history of problems with conforming to governmental regulatory standards as required by the Federal Acquisition Regulations ("FAR"). At the time Mr. Moscarello was hired, Malcolm Pirnie was 7 years in arrears in developing acceptable overhead rates and was in danger of losing its ability to contract with the federal government, which represented a substantial portion of its business.

8. In an extraordinarily short amount of time, Mr. Moscarello: 1) developed the methodology and electronic programs necessary to bring Malcolm Pirnie in conformance with federal regulations and reestablish good faith communication with the federal government; 2) gathered necessary data in order to create a report supporting allowable overhead rates for each individual fiscal year; 3) analyzed thousands of company expense reports related to travel in order to discover and resolve instances of unacceptable expenses in accordance with FAR; and 4) developed an Incurred Cost Analysis Report, and created a Joint Travel Regulations Report.

9. Mr. Moscarello's diligence and hard work led to Malcolm Pirnie's successful governmental audit and the reestablishment of its prosperous business relationship with the federal government. Mr. Moscarello's success at Malcolm Pirnie continued and as a result, he was offered a full time position in August 2000.

10. Mr. Moscarello's success at Malcolm Pirnie continued, and because of his work, the Small Business Administration's audit of Malcolm Pirnie resulted in a rating of "excellent," and the vice president responsible for all federal contracting efforts rated Malcolm Pirnie as "outstanding."

11. From April 15, 2000 until October 2003, Mr. Moscarello was regarded as a stellar employee at Malcolm Pirnie, until his supervisor, Susan Molnar ("Ms. Molnar"), learned that Mr. Moscarello's wife Joanne Moscarello ("Mrs. Moscarello") had a serious and debilitating illness diagnosed as Oligdendroglioma (cancerous brain tumor).

12. After Ms. Molnar learned of Mrs. Moscarello's condition, she began treating him differently and constantly harassing him. Ms. Molnar began unjustifiably criticizing Mr. Moscarello's work performance, removing him from responsibility over duties he successfully completed in the past, and an unwarranted negative performance evaluation in 2004.

13. On Friday, September 16, 2005, Mrs. Moscarello's physicians advised her to begin an 18 month course of rigorous chemotherapy treatments.

14. On Monday, September 19, 2005, Mr. Moscarello informed Ms. Molnar about his wife's condition and told her that he may need to take intermittent FMLA leave to care for his wife. Mr. Moscarello was entitled to take such leave, as pursuant to 29 U.S.C. § 2612(a)(1)(C), qualified employees may take up to 12 weeks of leave in order to care for a spouse, child or parent, if the spouse, child or parent has a serious health condition. Mrs. Moscarello's condition and subsequent medical treatment was a "serious health condition" within the meaning of 29 U.S.C. § 2611(11), as he suffered from an illness, injury, impairment, or physical condition that involved outpatient care in a hospital and continuing treatment by a health care provider.

15. Ms. Molnar said nothing in response to Mr. Moscarello, stared at him blankly in total disregard for his family's situation, and then moved on to discuss business.

16. In October 2005, Ms. Molnar and Mr. Moscarello met to have preliminary discussions regarding his year end evaluation, which would occur in November 2005. Ms. Molnar and Mr. Moscarello agreed that all of Mr. Moscarello's work was up to date and satisfactory.

4

17. On November 14, 2005, Mrs. Moscarello's condition worsened and Mr. Moscarello took FMLA leave in order to stay with her in the emergency room until the early hours of the morning. Mr. Moscarello reported to work that day, informed Ms. Molnar of his wife's condition and told Ms. Molnar that he needed to avail himself of FMLA leave to care for his wife.

18. As a result of Mr. Moscarello's request on November 14, 2005, Ms. Molnar refused to speak to him for the following two weeks.

19. On November 29, 2005, Mr. Moscarello took the afternoon off from work to take his wife to the hospital for treatment and tests. Mr. Moscarello spent the afternoon and most of the evening at Sloan Kettering Memorial Hospital with his wife.

20. On November 30, 2005, Mr. Moscarello returned to work, and Ms. Molnar called him into a meeting with herself and Human Resources representative, Henry Chapman, where she informed him that he was terminated without explanation.

21. Malcolm Pirnie terminated Mr. Moscarello because he exercised his rights under FMLA to take protected medical leave.

22. Malcolm Pirnie's conduct constitutes unlawful interference with Mr. Moscarello's rights to take FMLA leave and to return to his position or an equivalent position following his protected FMLA leave.

23. Further, Malcolm Pirnie's conduct constitutes unlawful retaliation for Mr. Moscarello's exercise of his rights under FMLA to take protected leave.

### V. AS AND FOR PLAINTIFFS' FIRST CLAIM

*Interference/Violation of the FMLA*

24. Plaintiffs repeat and reallege paragraphs "1" through "23" as though fully set forth herein.

25. Defendant's conduct described in paragraphs "6" through "27" has interfered with Plaintiff's right to take protected FMLA leave and his entitlement to be restored to the same or an equivalent position as the position he had held prior to his leave, upon his return to work following his absence.

26. Defendant's conduct described in paragraphs "6" through "27" violates the prohibition against interference with, restraint, or denial of the exercise of or the attempt to exercise plaintiff's rights contained in the FMLA as set forth in 29 U.S.C.§ 2615(a)(1).

27. Upon information and belief, the violation by defendant Malcolm Pirnie was willful and not in good faith, and plaintiff is therefore entitled to liquidated damages.

28. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, interest, and reasonable attorney's fees and costs.

## VI. AS AND FOR PLAINTIFFS' SECOND CLAIM

### *Retaliation/Violation of the FMLA*

29. Plaintiffs repeat and reallege paragraphs "1" through "28" as though fully set forth herein.

30. Defendant's conduct described in paragraphs "6" through "28" violates the anti-retaliation provision of FMLA set forth in 29 U.S.C.§ 2615(a)(1).

31. Upon information and belief, the violation by defendant Malcolm Pirnie was willful and not in good faith, and plaintiff is therefore entitled to liquidated damages.

32. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, interest, and reasonable attorney's fees and costs.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests:

1. That the Court declare defendant's conduct complained of herein to be in violation of the Plaintiffs' rights as secured by the FMLA;

2. That the Court permanently enjoin defendant, all of its subsidiaries, divisions and affiliated entities, its officers, managers, employees, agents successors and assigns from any conduct violating Plaintiff's rights as secured by the FMLA;

3. Award Plaintiff the following damages:

## **ON ALL CLAIMS**

4. Damages in the amount of any wages, salary, employment benefits, or other compensation denied or lost to Mr. Moscarello by reason of the violation;

5. Interest on the amount described above calculated at the prevailing rate;

6. Liquidated damages equal to the sum of the amount described in paragraphs 4 and 5 above;

7. Reasonable attorney's fees incurred in prosecuting this action;

8. That the Court grant Plaintiffs such other and further relief as it deems just and proper.

## VIII. **JURY DEMAND**

Plaintiffs demand a trial by jury with respect to all issues and claims properly triable before a jury.

Dated: White Plains, New York
July 10, 2006

                                            Yours, etc.,

                                            **SAPIR & FRUMKIN LLP**

By: _____
William D. Frumkin, Esq. (WF 2173)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

F:\APPLICAT\WP\Moscarello\Complaint.wpd\rlh

8